Copies mailed 1|5|21
Chambers of Judge Davison

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ROBERT TASHBOOK,

                              Petitioner,                    **DECISION AND ORDER**

          -against-                                          20 Civ. 5318 (KMK) (PED)

WARDEN JAMES PETRUCCI,

                              Respondent.
-----------------------------------------------------X
**PAUL E. DAVISON, U.S.M.J.**


Petitioner Robert Tashbook, proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C.

§ 2241 stemming from Covid-19 restrictions at the Federal Correctional Institution in Otisville,

New York.  By letter motion dated October 5, 2020 (Dkt. #20), petitioner seeks appointment of

counsel.  This matter comes before me pursuant to an Order of Reference dated July 27, 2020

(Dkt. #6).  For the reasons set forth below, the request is **DENIED WITHOUT PREJUDICE**.

There is no constitutional right to representation by counsel in habeas corpus

proceedings, as there is in most criminal proceedings.  See Green v. Abrams, 984 F.2d 41, 47 (2d

Cir. 1993).  Rather, "[i]n a habeas corpus proceeding, the appointment of counsel is

discretionary."  Grefer v. Grant, No. 19 Civ. 6261, 2020 WL 2833015, at *2 (W.D.N.Y. June 1,

2020) (quotation marks and citation omitted).[1]  However, such applications should not be

granted indiscriminately.  See Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).

"In deciding whether to exercise their discretion to appoint counsel in habeas corpus

proceedings, courts look to the standard set forth by the Second Circuit in determining whether

to appoint counsel to indigent civil litigants under 28 U.S.C. § 1915."  Lawson v. Taylor, No. 10

---

[1] Copies of unreported cases cited herein have been mailed to petitioner.  See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

Civ. 0477, 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011). Accordingly, the district court is

directed to screen such applications first by evaluating whether the petition is "likely to be of

substance." Cooper, 877 F.2d at 172. If the court concludes that the applicant's claims meet this

threshold requirement, then the court is to consider secondary criteria such as petitioner's ability

to present the case (either by obtaining representation independently or with his own abilities),

petitioner's ability to handle the case without assistance in light of the required factual

investigation, the complexity of the legal issues, the need for expertly-conducted cross-

examination to test veracity, and "any special reason in that case why appointment of counsel

would be more likely to lead to a just determination." Hodge v. Police Officers, 802 F.2d 58,

61-62 (2d Cir. 1986). Moreover, courts generally consider whether an evidentiary hearing

should be held in connection with the petition. See, e.g., Kelly v. Lempke, No. 08 Civ. 8241,

2009 WL 1227453, at *1 (S.D.N.Y. Apr. 30, 2009).

Here, petitioner seeks an evidentiary hearing in connection with his habeas claims. See

Dkt. #30. However, evidentiary hearings are available in federal habeas corpus proceedings only

in limited circumstances, see generally Cullen v. Pinholster, 563 U.S. 170 (2011), and the Court

has not yet made any determination that such a hearing is appropriate here. Further, assuming

petitioner's claim satisfies the threshold requirement (i.e. is "likely to be of substance"),

consideration of the *Hodge* factors, on balance, does not weigh in favor of appointing counsel.

Petitioner's claim is discrete and not particularly complex (factually or legally), and he has

demonstrated an ability to present the issues competently. Additionally, the issues presented do

not appear to turn on questions of credibility or conflicting evidence which would necessitate

expertly-conducted cross-examination. Finally, the court discerns no "special reason" in this

case why appointment of counsel would lead to a more just result.

Accordingly, petitioner's request is **DENIED WITHOUT PREJUDICE**.  The Court

will reconsider appointing counsel in the event that an evidentiary hearing is required.

The Clerk of the Court is respectfully directed to terminate the motion (Dkt. #20).

Dated: January 5, 2021                          **SO ORDERED**.
       White Plains, New York

                                                  Paul E. Davison, U.S.M.J.